UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHI
EASTERN DIVISION

| | |
|---|---|
| **JAMES CANTERUCCI,** | ) |
| | ) |
| Plaintiff, | ) CASE NO. |
| | ) |
| vs. | ) JUDGE |
| | ) |
| **OMAR SALTIE,** | ) **COMPLAINT WITH DEMAND FOR** |
| | ) **JURY TRIAL** |
| and | ) |
| | ) |
| **WIRELESS EXCHANGE** | ) |
| **INTERNATIONAL 1, INC.,** | ) |
| | ) |
| Defendants. | ) |

Plaintiff, James Canterucci, brings this action against Defendants, Omar Saltie and Wireless Exchange International 1, Inc., under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## JURISDICTION AND VENUE

1. Jurisdiction in this case is based on 28 U.S.C. § 1331. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all or part of the events giving rise to Plaintiff' claims occurred here.

## PARTIES

3. James Canterucci is an adult individual residing in Stark County.

4. Omar Saltie is an adult individual residing in Cuyahoga County.

5. Defendant, Wireless Exchange International 1, Inc., is a privately held, for-profit corporation doing business in Ohio. Defendant can be served through its owner and statutory agent, Omar Saltie, 3447 West 130th Street, Cleveland, Ohio 44111.

6. Upon information and belief, Omar Saltie formed Wireless Exchange International 1, Inc. in or about 2008. Upon information and belief, Omar Saltie is the president and founder of Wireless Exchange International 1, Inc.

7. Wireless Exchange International 1, Inc. is in the business of offering cellular telephones and services for sale at its several retail locations.

8. Omar Saltie also formed similar entities, which are in the same business as Wireless Exchange International 1, Inc. Those entities are:

- Wireless Exchange International 2, Inc.;
- Wireless Exchange International 3, Inc.;
- Wireless Exchange International 4, Inc.;
- Wireless Exchange International 5, Inc.;
- Wireless Exchange International 6, Inc.;
- Wireless Exchange International 7, Inc.; and,
- Wireless Exchange International 8, Inc.

Upon information and belief, Omar Saltie is the president and founder of these companies.

9. At all relevant times, Omar Saltie has had operational control over significant aspects of Wireless Exchange International 1, Inc.'s day-to-day functions, including compensation of employees as alleged herein.

10. At all relevant times, Omar Saltie has had operational control over significant aspects of all of the Wireless Exchange entities' day-to-day functions, including compensation of employees as alleged herein.

11. Based upon information and belief, Defendants' gross revenue was in excess of $500,000.00 per annum during all times material to this complaint.

12. During all times material to this complaint, Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

13. During all times material to this complaint, Plaintiff was "engaged in commerce" within the meaning of 29 U.S.C. § 206 *et seq.* and 29 U.S.C. § 207 and subject to the individual coverage of the FLSA.

14. During all times material to this complaint, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

15. At all relevant times, Plaintiff was employed by Defendants as a non-exempt employee at one of Defendants' Akron, Ohio stores.

16. At all relevant times, Plaintiff was paid a salary of $400 per week.

17. Plaintiff routinely worked more than 40 hours per workweek. In fact, most weeks, Plaintiff worked 55 or more hours per workweek.

18. Defendant never paid Plaintiff an overtime premium for all hours worked in excess of 40 per workweek.

19. Plaintiff did not qualify for any exemptions from the overtime requirements of the FLSA.

20. During all times material to this complaint, Defendants failed to keep adequate records of Plaintiff's hours worked.

21. Defendants' failure to (1) pay Plaintiff an overtime premium for hours worked in excess of 40 per workweek and (2) keep adequate records was willful and with reckless disregard of the FLSA.

## COUNT I
### (Alleging Violation of the FLSA)

22. All previous paragraphs are incorporated as though fully set forth herein.

23. During all times material to this complaint, Defendants were employers within the meaning of the FLSA.

24. During all times material to this complaint, Plaintiff was an employee within the meaning of the FLSA.

25. During all times material to this complaint, Defendants were an enterprise engaged in the commerce or production of goods for commerce within the meaning of the FLSA.

26. During all times material to this complaint, Defendants' gross revenue was in excess of $500,000 per annum.

27. During all times material to this complaint, Plaintiff was engaged in commerce within the meaning of the FLSA.

28. Plaintiff does not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

29. At all relevant times material to this complaint, Plaintiff was entitled to be paid an overtime premium for hours worked in excess of 40 per workweek as mandated by the FLSA.

30. During his employment with Defendant, Plaintiff worked in excess of 40 hours per workweek but was not paid an overtime premium.

31. Throughout Plaintiff's employment, Defendants have known that Plaintiff was not exempt from the wage and overtime obligations imposed by the FLSA. Defendants have known that it is required to pay Plaintiff an overtime premium for all hours worked over 40 in any workweek.

32. Defendants' failure to pay Plaintiff an overtime premium for all hours worked over 40 per workweek was willful.

33. The exact amount of compensation that Defendants have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

34. The FLSA requires employers to make, keep, and preserve records of the wages, hours and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review his records of hours worked to determine the exact amount of overtime owed by Defendant. Absent Defendants keeping these records as required by law, Plaintiff is entitled to submit his information about the number of hours worked.

35. Defendants' failure to pay Plaintiff compensation for all hours worked and at the statutory overtime rate is not based on good faith or reasonable grounds, or belief that such failure is not in violation of the FLSA. Plaintiff is therefore entitled to liquidated damages in an amount equal to the compensation and overtime which he has not been paid.

36. Plaintiff has been required to file this action as the result of Defendants' actions in failing to pay him proper compensation. As such, Plaintiff is entitled to attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request judgment against Defendants for an Order providing the following relief:

    A.    Unpaid wages, including overtime wages as provided under federal law;

    B.    Liquidated damages to the fullest extent permitted under federal law;

    C.    Litigation costs, expenses and attorneys' fees to the full extent permitted under state law; and

    D.    Such other relief as this Court deems just and proper.

Respectfully submitted,

Nilges Draher, LLC

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:    (330) 470-4428
Facsimile:    (330) 754-1430
Email:    sdraher@ohlaborlaw.com
        hans@ohlaborlaw.com

*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial as to all claims so triable.

>                          */s/ Shannon M. Draher*
>                          Shannon M. Draher